UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OLD NATIONAL BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01539-TWP-DKL |
| ) | |
| LEASING INNOVATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant Leasing Innovations, Inc.'s ("Leasing Innovations") Motion for Reconsideration of the Court's Entry on Choice of Law (Dkt. 63). A motion to reconsider is appropriate when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

Plaintiff Old National Bank ("ONB") initiated this action against Leasing Innovations seeking recession of a Bill of Sale and Assignment (the "Assignment") due to either mutual mistake of fact or alternatively, the nonexistence of the security interest, constituting a complete failure of consideration; after it was discovered that through fraud, the Equipment which ONB's Assignment secured did not exist. Because the Assignment did not contain a choice of law provision, the parties asked the Court to determine which state's substantive law governs this case. On May 30, 2013, (Dkt. 62) this Court found the laws of Indiana, Illinois and California would not produce a substantially different result, therefore Indian law would apply.

Leasing Innovations contends that in its choice of law analysis, the Court "misapprehended its position". Specifically, "Leasing Innovations believes that [the] Assignment's 'no recourse' clause is an allocation of risk that should be considered in evaluating the likely outcome under the different states' laws." Dkt. 63 at 1. As a result of this alleged misapprehension, Leasing Innovations notes that the Court declined to analyze the potential conflict relating specifically to the Restatement (Second) of Contracts § 154(a), which applies in the mutual mistake context and allocates the risk of mistake by agreement of the parties.

Regardless of whether Leasing Innovations' position was misinterpreted, the Court clarifies that there is not a conflict of laws for the analysis of a contractual allocation of risk in Illinois, California, and Indiana, even if § 154(a) is applied. In Indiana, courts consider contractual allocation of risk in the mutual mistake analysis. *See Ball v. Versar, Inc.*, 454 F. Supp. 2d 783, 805 (S.D. Ind. 2006) (applying Indiana law, finding that "the plain language of the Contract allocates the risk of mistake about those conditions to Versar"). Therefore, the mutual mistake analysis does not turn on whether § 154(a) is applied and the laws of the three states are still not in conflict. For purposes of this clarification, Leasing Innovations' motion (Dkt. 63) is **GRANTED,** however the result of the choice of law analysis remains the same. Indiana law will apply in this action.

**SO ORDERED**.

Date: 06/21/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christian J. Jorgensen
DRESSLER & PETERS, LLC
jorgensen@dresslerpeters.com

Kenneth D. Peters
DRESSLER PETERS LLC
kpeters@dresslerpeters.com

Kenneth E. Rubinstein
PRETI FLAHERTY BELIVEAU & PACHIOS, LLP
krubinstein@preti.com

Joseph L. Mulvey
RUBIN & LEVIN, PC
jmulvey@rubin-levin.net

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net